IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDDIE R. PATE, JR.,

       Plaintiff,                        No. CIV S-08-1802 JAM DAD PS

   vs.

ANY ONE GUILTIE,                   <u>FINDINGS AND RECOMMENDATIONS</u>

       Defendant.

_____/

        Plaintiff, proceeding pro se, has filed a document titled "Complaint" along with an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The proceeding has been referred to the undersigned in accordance with Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

        A filing fee of $350.00 is required to commence a civil action in a federal district court. 28 U.S.C. § 1914(a). The court may authorize the commencement of an action without prepayment of fees or security therefor by a litigant who submits an affidavit demonstrating inability to pay. 28 U.S.C. § 1915(a). Here, plaintiff indicates that he is not currently employed, but he has provided no information about his last employment. Plaintiff indicates that he received money during the past 12 months from self-employment, disability or workers compensation payments, and other sources, which are not described, but he fails to provide any

information about each source of money and the amount of money received from each source during the past year.  Plaintiff also indicates that he owns things of value but refers only vaguely to multiple business accounts, personal accounts, and properties that belong to him.  This application fails to establish that plaintiff is indigent.  See Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir. 1995); Alexander v. Carson Adult High Sch., 9 F.3d 1448, 1449 (9th Cir. 1993).

Ordinarily, the undersigned would recommend that the plaintiff's in forma pauperis application be denied and that plaintiff be granted an opportunity to pay the filing fee in full should he wish to proceed with this case on a fee-paid basis.  However, no basis for federal jurisdiction has been properly alleged in plaintiff's complaint.

Plaintiff's pleading consists of a one-page form that provides a sample format and instructions for pro se litigants filing civil complaints in federal court, an attached page that contains a few sentences, and a proof of service that does not reflect service on any person or entity.  The first page of the document identifies defendants as "Guilt of Others" and "Any One Guiltie [sic]."  The document contains no statements that can be construed as jurisdictional and no allegations that state any cognizable federal claim.  Plaintiff alleges that he is an inventor who has businesses all over the world.  He requests "better representation," "better money, housing, partnership togetherness," and "no more discrimination acts if preventable."  In a separately filed civil cover sheet, plaintiff identifies defendants as "Guiltie [sic] People Too [sic] Be Found," suggests "Internationalist Diversity," and claims that the nature of his suit includes numerous statutory issues, product liability, real property, slander, personal property damage, civil rights, labor litigation, patents and trademarks, and taxes, among others.

It appears that this court lacks subject matter jurisdiction over this action.  See Bell v. Hood, 327 U.S. 678, 682-83 (1946) (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly insubstantial and frivolous" and so patently without merit as to justify dismissal for lack of jurisdiction ); Hagans v. Lavine, 415 U.S. 528, 543 (1974) (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial,

implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court"). See also Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (holding that even "[a] paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction . . . and may be dismissed sua sponte before service of process.").

In light of the severe deficiencies of plaintiff's complaint, the undersigned finds that it would be futile to grant plaintiff leave to amend, even if he were to pay the filing fee. The undersigned will therefore recommend that plaintiff's in forma pauperis application be denied and that this action be dismissed with prejudice for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's August 4, 2008 application to proceed in forma pauperis (Doc. No. 2) be denied; and

2. This action be dismissed with prejudice for lack of subject matter jurisdiction.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fifteen (15) days after these findings and recommendations are served by the Clerk of the Court, plaintiff may file written objections with the court. A document containing objections must be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 3, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\pate 1802.ifpden.f&r